

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2002

# Perna v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Perna v. USA" (2002). *2002 Decisions.* Paper 325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3051



MICHAEL D. PERNA,

Appellant

v.

UNITED STATES OF AMERICA;
RONALD R. PREVITI; NEW JERSEY
DIVISION OF STATE POLICE;
JOHN DOES I-V, fictitiously
name New Jersey State Police
Officers, jointly, severally
and in the alternative;
JOHN J. TERRY, Special Agent of the
Federal Bureau of Investigations;
JAMES T. MAHER, Special Agent of the
Federal Bureau of Investigations




ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 00-cv-04647 )
District Court Judge: Joel A. Pisano




Submitted Under Third Circuit LAR 34.1(a)
May 10, 2002

Before: ALITO, COWEN, and LOURIE, Circuit Judges.

(Opinion Filed: June 5, 2002)




MEMORANDUM OPINION OF THE COURT



PER CURIAM:

Michael Perna filed this action against the United States, New Jersey, and others asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.  2671,

et seq. and the New Jersey Tort Claims Act, N.J.S.A. 59:2-2, as well as other state-law claims. The claims arose from the alleged assault, battery, false imprisonment, and extortion of Perna by Ronald R. Previti in 1993 and 1994. Previti was acting as a confidential informant for the Federal Bureau of Investigation when the alleged misconduct took place. The District Court held that Perna's FTCA claim was barred by the applicable statute of limitations and granted summary judgment. The District Court declined to exercise jurisdiction over the state law claims. On appeal, Perna challenges the District Court's summary judgment order.

The issue presented for review is whether the District Court properly held that Perna's FTCA claim was barred by the statute of limitations. Perna argues that because he could not have discovered all critical facts pertaining to his injury prior to June of 1999, the District Court should have applied a diligent discovery rule instead of the injury and immediate cause standard.

In order to file suit under the FTCA, an injured party must present the claim to the appropriate federal agency within two years after the claim accrued. See 28 U.S.C. 2401(b). Perna's injuries occurred in 1993 and 1994. He filed his claim on October 20, 1999, shortly after a newspaper article revealed Previti's status as an FBI confidential informant. We recognize that it would have been very difficult -- and perhaps impossible -- for Perna to discover Previti's involvement with the FBI prior to the publication of the 1999 newspaper article. However, we cannot distinguish this case from Zeleznik v. United States, 770 F.2d 20 (3d Cir. 1985), by which we are bound. In Zeleznik, the plaintiffs' son was murdered by a man who unsuccessfully surrendered himself to the INS prior to the murder. The Zelezniks discovered the INS's failure to detain the man eight years after the murder, and they promptly filed suit under the FTCA. The district court dismissed the claim as time barred. The Zelezniks appealed, arguing that "the statute of limitations does not begin to run so long as a reasonably diligent investigation would not have discovered the government's actions." Id. at 24. This Court rejected that argument and held that a "claim accrues when the injured party learns of the injury and its immediate cause. . . . The statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress." Id. at 23. As it is this Court's longstanding tradition to remain faithful to prior panel precedent, we must agree with the District Court that Perna's claim is barred by the applicable statute of limitations.

Because the record clearly establishes that the action was filed more than two years after the accrual of Perna's injuries, Perna's argument that the District Court erred when it granted the government's motion for summary judgment must fail. Accordingly, the order of the District Court is affirmed.